**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-7905**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

VINCENT ROLAND KRING,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:05-cr-00134-PMD-1)

───────────

Submitted: January 21, 2014      Decided: January 24, 2014

───────────

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Vincent Roland Kring, Appellant Pro Se. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Roland Kring seeks to appeal the district court's order summarily denying his Fed. R. Civ. P. 60(b) motion to dismiss the indictment for lack of jurisdiction and for a jury trial. A district court must treat a Rule 60(b) motion as a successive collateral review application "when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (internal quotation marks omitted). In distinguishing between a proper motion for reconsideration and a successive application, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207. We conclude that because Kring has previously filed a 28 U.S.C. § 2255 (2012) motion, and because Kring's Rule 60(b) motion directly attacks his conviction, the motion is properly treated as a successive § 2255 motion.

The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not

2

issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). We have independently reviewed the record and conclude that Kring has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Kring's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Kring's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED